IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF WEST VIRGINIA

ELKINS, WEST VIRGINIA

| | |
|---|---|
| L. MANNING MUNTZING, by and through STUART SKOK, his Attorney-in-Fact<br><br>            Plaintiff,<br><br>vs.<br><br>WILLIAM H. MUNTZING, MUNTZING LAND PROPERTIES, LLC, a West Virginia limited liability company, and MUNTZING FAMILY HOME, LLC, a West Virginia limited liability company,<br><br>            Defendants. | CIVIL ACTION NO:  2:14-cv-66 (Bailey)<br><br>JUDGE:  Chief Judge John Preston Bailey<br><br>Electronically filed:  August 22, 2014 |

## COMPLAINT

1.      L. Manning Muntzing and Stuart Skok (sometimes hereinafter "Plaintiff") are residents of the State of Maryland.

2.      William H. Muntzing is a resident of the State of West Virginia.

3.      Muntzing Land Properties, LLC is a limited liability company organized and existing under the laws of the State of West Virginia and is owned fifty percent by L. Manning Muntzing and fifty percent by William H. Muntzing.

4.      Muntzing Family Home, LLC is a limited liability company organized and existing under the laws of the State of West Virginia and is owned fifty percent by L. Manning Muntzing and fifty percent by William H. Muntzing.

5. This Court has subject matter jurisdiction over this civil action pursuant to 28 U.S.C. § 1332(a)(1) because there is complete diversity between Plaintiff and Defendants and because the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

6. The amount in controversy is in excess of $75,000.00.

## COUNT I

7. On the 30th day of April, 2013, William H. Muntzing made a Promissory Note, payable to L. Manning Muntzing, a copy of which is specifically incorporated herein and attached as *Exhibit A*;

8. The condition precedent set forth in on the Note has occurred as there has been a sale of the Mt. Storm Property.

9. The proceeds from said Mt. Storm Property sale have been realized in the sum of $345,733.51, and are currently held by Oscar Bean as escrow agent for the parties.

10. Demand has been made for payment of said Note by letter dated March 7, 2014, which is hereto attached as *Exhibit B*.

11. To date, Defendant William H. Muntzing has made no payment on said Promissory Note and owes L. Manning Muntzing $475,000.00, plus interest.

## COUNT II

12. Plaintiff realleges and restates the allegations contained in Count I of the Complaint as if the same were repeated verbatim herein.

13. L. Manning Muntzing has made loans to William H. Muntzing over the years commencing on the 1st day of April, 2013, and the last loan having been made in December, 2013, which total the sum of $63,825.81. By oral agreement of the parties, said loans were to be repaid upon the sale of properties owned in the name of Muntzing Land Company, LLC.

14. Muntzing Land Properties, LLC is owned fifty percent by L. Manning Muntzing and fifty percent by William H. Muntzing.

15. The Mt. Storm property owned by Muntzing Land Properties, LLC, as reflected in said Promissory Note, has now been sold and the net proceeds of sale are being held by Oscar Bean as escrow agent for the parties.

16. By virtue of the fact that the Mt. Storm property owned by Muntzing Land Company has now been sold, said loans are now due and payable.

17. Demand for payment of said loans was made pursuant to Demand Letter dated March 7, 2014, hereto as *Exhibit B*.

18. To date, Defendant William H. Muntzing has made no repayment of said loans and owes Plaintiff, L. Manning Muntzing $63,825.81, plus interest as provided by law.

### COUNT III

19. Plaintiff realleges and restates the allegations contained in Counts I and II of the Complaint as if the same were repeated verbatim herein.

20. There has not been a meeting of the company members of Muntzing Land Properties, LLC for a number of years and the company is deadlocked as to the payment of its

ongoing obligations and distribution of the funds recently generated by the Mt. Storm sale, which make it impractical to carry on the company's business and frustrates the economic purposes of the company.

21. That the events described in Paragraph No. 20 constitute events causing dissolution and are grounds to wind up the company's business under West Virginia Code § 31B-8-801.

22. Plaintiff seeks an Order of this Court dissolving Muntzing Land Properties, LLC, selling any remaining company assets, winding up the company's business, and distributing it net assets, all in accordance with West Virginia Code § 31B-8-801, *et seq*.

**COUNT IV**

23. Plaintiff realleges and restates the allegations contained in Counts I, II and III of the Complaint as if the same were repeated verbatim herein

24. There has not been a meeting of the company members of Muntzing Family Home, LLC for a number of years, the company is deadlocked as to the payment of its ongoing obligations, and the assets owned by Muntzing Family Home, LLC have been exclusively utilitzed for the benefit of William H. Muntzing to the financial detriment of L. Manning Muntzing, which make it impractical to carry on the company's business and frustrates the economic purposes of the company.

25. That the events described in Paragraph No. 24 constitute events causing dissolution and are grounds to wind up the company's business under West Virginia Code § 31B-8-801.

26. Plaintiff seeks an Order of this Court dissolving Muntzing Family Home, LLC, selling any remaining company assets, winding up the company's business, and distributing it net assets, all in accordance with West Virginia Code § 31B-8-801, *et seq*.

WHEREFORE, the Plaintiff prays for the following relief from the court:

a) That Plaintiff be awarded judgment on the Promissory Note in the amount of $475,000.00, plus interest;

b) That Plaintiff be awarded repayment of personal loans in the sum of $63,825.81, with interest therein as provided by law;

c) That Muntzing Land Properties, LLC be dissolved in accordance with West Virginia Code § 31B-8-801;

d) That Muntzing Family Home, LLC be dissolved in accordance with West Virginia Code § 31B-8-801;

e) That the assets of Muntzing Land Properties, LLC and Muntzing Family Home, LLC, after payment of all debts, be distributed first to the repayment of Promissory Note in the amount of $475,000.00, plus interest, and the payment of the personal loans in the sum of $63,825.81, with interest thereon as provided by law, to Plaintiff L. Manning Muntzing;

f) That Plaintiff be awarded his costs and attorney fees expended; and

g) That any remaining proceeds are to be distributed equally between L. Manning Muntzing and William H. Muntzing.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury of the above-captioned litigation.

    MANNING MUNTZING, by and through STUART SKOK, HIS ATTORNEY-IN-FACT, Plaintiff

    By Counsel,

/s/ Robert L. Bays
Robert L. Bays (WVSB # 274)
Bowles Rice LLP
Counsel for Plaintiff
United Bank Square – Fifth Floor
501 Avery Street, P. O. Box 49
Parkersburg, WV 26102 0049
(p) 304-420 5330
(f) 304-420-5587
rbays@bowlesrice.com

6329081.1